### IN THE MATTER OF LOREN C. LEWIS, AN ATTORNEY AT LAW.

Argued November 18, 1975—Decided January 16, 1976.

*Mr. Joseph J. Summerill, III,* argued the cause for the Ocean County Ethics Committee.

*Mr. Richard D. Sutton* argued the cause for respondent (*Messrs. Sutton, Ward, Sutton, Heim & O'Malley,* attornneys).

PER CURIAM. This disciplinary case involves the admitted misuse of funds held in escrow by respondent, an attorney of

this State. The complainant is a medical doctor who treated a patient for injuries sustained when the patient, a pedestrian, was struck by a hit-and-run motor vehicle. The unpaid bill for medical services rendered by the complainant amounted to $2,302.[1]

Respondent was retained by the patient to pursue a claim against the then Unsatisfied Claim and Judgment Fund. Ultimately a recovery of $10,000 was received from the Fund. Respondent disbursed the proceeds of the recovery, retaining $2,302 representing the amount of complainant's bill for medical services. Respondent asserts that he was instructed by his client to withhold payment of the medical bill because of a contemplated suit against the doctor for malpractice. However, in the interim, the client died of causes apparently unrelated to the accident and resultant treatment, and the claim for malpractice never materialized.

Respondent concedes that instead of holding the funds representing the bill for medical services in escrow, he withdrew the money from his trust account and used the fund for his personal use. In essence, respondent admits that he misused or converted these trust funds. See DR1–102(A)(4).

Ultimately respondent was sued for the amount of the medical bill and a judgment for $2,302 was recovered against him. Following a hearing before the Ocean County Ethics Committee at which respondent appeared and testified, the Committee filed its presentment finding that respondent had wrongfully diverted trust funds to his own use, and has failed to maintain proper trust accounts and business records contrary to R. 1:21–6 and in violation of DR9–102.

We are informed that after the hearing before this Court on the Presentment, respondent paid in full the judgment entered against him for the amount of the bill for medical services. However, this does not excuse his admitted misuse

---

[1]Some $863 of this bill represented funds which had been paid to the doctor by Medicaid and were required to be repaid out of any judgment recovered by the patient.

and conversion of the money, nor his failure to maintain the accounts and records required by *R.* 1:21–6(a)(b).

In reviewing this matter, nonetheless, we recognize several circumstances which mitigate against the imposition of a more severe penalty than this case might otherwise warrant. Respondent was admitted to the bar of this State in 1934. He has no previous ethics involvements. He has repaid the money wrongfully taken by him. Moreover, it was represented at the hearing before us that respondent is giving up his private practice and intends to limit his legal activity to working for and under the supervision of another attorney.

Because of these circumstances, we conclude that a suspension for a period of three months and until the further order of this Court is appropriate. So ordered.

*For suspension for three months*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

### ORDER

It is ORDERED that LOREN C. LEWIS of Forked River be suspended from the practice of law for three months and until further order of the Court, effective January 30, 1976; and it is further

ORDERED that LOREN C. LEWIS be and hereby is restrained and enjoined from practicing law during the period of his suspension.